TROY LAW, PLLC
John Troy (JT 0481)
41-25 Kissena Boulevard Suite 119
Flushing, NY 11355
Tel:     718) 762-1324
Fax:    (718) 762-1342
*Attorney for the Plaintiffs, and others similarly situated*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
----------------------------------------------------------------------X

| | |
|---|---|
| JIAN SHE GUO and RUN GUO ZHANG, *on behalf of themselves and others similarly situated*<br><br>                                        Plaintiffs,<br><br>         -against-<br><br>TOMMY'S SUSHI, INC. d/b/a ORIENTAL CAFE, XU QIAN DONG a/k/a DANNY DONG, HUANG NA, JOHN DOE, JANE DOE<br><br>                                        Defendants. | Case No. 14cv3964 (PAE)<br><br>COLLECTIVE ACTION UNDER 29 U.S.C.§ 216(B) & F.R.C.P. RULE 23 CLASS ACTION |

----------------------------------------------------------------------X

---

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION TO STRIKE CERTAIN PORTIONS OF DEFENDANTS' RESPONSE MEMORANDUM OF LAW REGARDING CONDITIONAL CLASS CERTIFICATION**

---

TROY LAW, PLLC
John Troy (JT 0481)
41-25 Kissena Boulevard
Suite 119
Flushing, NY 11355
*Attorney for the Plaintiffs, and others similarly situated*

On the Brief:

John Troy
Benjamin Federici

1

The issues before the court in this case are fairly straightforward; whether the defendant(s) violated the law by failing to properly pay the plaintiffs minimum wage that are due to them as codified in FLSA during the time of their employment.  What happened after the termination of that employment, or even the cause of the termination of that employment, is irrelevant, at best, to the question of whether the defendant complied with the FLSA.  We respectfully submit that the Court should strike all references to, and should not consider evidence presented of  extraneous matters introduced by the Defendants that have no possible bearing on the matter at hand.

## STATEMENT OF FACTS

Plaintiffs are former (and possibly co-joined) employees of the Defendant restaurant (both worked as delivery persons). They sued Defendants pursuant to the Fair Labor Standards Act, 29 U.S.C.A. § 201 *et seq.*("FLSA") and the New York Labor Law, claiming that they were not paid all wages due.  There are other possible plaintiffs who were treated similarly by the Defendant, who may be joined in a conditional class.  Defendants have denied these allegations.  These are the only facts that are relevant in this case.

## ARGUMENT

In response to the Plaintiff's motion for conditional class certification, the Defendants seek to introduce extraneous matters that are not only irrelevant to the matter at hand, but are furthermore highly prejudicial to the Plaintiffs with no bearing on the underlying issues.  The altercation between the plaintiffs and other individuals, and circumstances regarding the termination of the plaintiffs, should be stricken from the record as irrelevant, impertinent, and scandalous, serving no purpose other than to cause negative bias against the plaintiff due to

extraneous factors that have no bearing on the issue at hand.

Under Rule 12(f) of the Federal Rules of Civil Procedure, "The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  In applying this rule, courts have said "Matter will not be stricken on the ground it is immaterial and impertinent "unless it can be shown that no evidence in support of the allegation would be admissible." *Lipsky v. Commonwealth United Corp.*, 551 F.2d 887, 893 (2d Cir. 1976); see *Gleason*,  [17]  300 F. Supp. at 1257 (motion to strike on these grounds will be granted only if the matter has "no possible relation" to the controverted issues) (quoting *Brown & Williamson Tobacco Corp. v. United States*, 201 F.2d 819, 822 (6th Cir. 1953))."  This is just such a case. The matter alleged, an altercation with another employee, has no bearing on any question of the defendant's policies in regard to payment of proper wages.

Furthermore, the matter is scandalous. It "reflect[s] cruelly" on the plaintiff's moral characters, and, as already stated, it is "irrelevant." See *Skadegaard v. Farrell*, 578 F. Supp. 1209, 1221 (D.N.J. 1984) (quoting 2A Moore's Federal Practice para. 12.21 (2d ed. 1983)). This matter is prejudicial as well. If presented to the jury, it would evoke enmity against the plaintiff for reasons having no connection with the alleged FLSA violations practiced by the defendants. A motion to strike matter as scandalous should be granted under these circumstances. *See Beth Israel Medical Center v. Smith*, 576 F. Supp. 1061, 1072 n.23 (S.D.N.Y. 1983) and *In re Healthsouth Corp. Sec. Litig.*, 2000 U.S. Dist. LEXIS 20650 (N.D. Ala.Sept. 13, 2000) and *Burger v. Health Ins. Plan*, 684 F. Supp. 46, 52-53,1988 U.S. Dist. LEXIS 3262, 16-18,11 Fed. R. Serv. 3d (Callaghan) 525, 59 Fair Empl. Prac. Cas. (BNA) 1639, 47 Empl. Prac. Dec. (CCH) P38, 295 (S.D.N.Y.1988)

## CONCLUSION

For the reasons set forth above, Plaintiffs' respectfully request that the Court strike : (1) The alleged assault by Jian She Guo (referenced in Xuqian Duong Decl., attached to Defendant's memorandum as Exhibit A at ¶ 3), (2) The police report regarding the same alleged assault (referenced in Xuqian Duong Decl., attached to Defendant's memorandum as exhibit A as Exhibit 1 of that Declaration), (3) Allegations regarding the circumstances of the termination of plaintiff Run Guo Zhang (referenced in Xuqian Duong Decl., at ¶ 4) , and (4) Allegations regarding the circumstances of the termination of plaintiff Hong Jun Zhang (referenced in Xuqian Duong Decl., at ¶ 5) . In addition to striking the offending portions of Defendants' reply brief and Exhibits, we respectfully request that the Court not consider those in any respect and that they be deemed waived.

Dated: September 12, 2014                                Respectfully submitted,

                                                                          TROY LAW, PLLC
                                                                          *Attorneys for Plaintiffs*

                                                                          ____s/ John Troy_____
                                                                          John Troy (JT0481)
                                                                         41-25 Kissena Boulevard Suite 119
                                                                         Flushing, NY 11355
                                                                         Tel: (718) 762-1324
                                                                         Fax: (718) 762-1342