```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/16/2014
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
        :
SHE JIAN GUO, RUN GUO ZHANG, and HONG JUN  :
ZHANG, *on behalf of themselves and others similarly*  :    14 Civ. 3964 (PAE)
*situated*,  :
  :    OPINION & ORDER
        Plaintiffs,  :
  :
        -v-  :
  :
TOMMY'S SUSHI INC., d/b/a Oriental Cafe; XU GIAN  :
DONG, a/k/a Danny Dong; HUANG NA; JOHN DOE;  :
and JANE DOE,  :
  :
        Defendants.  :
  :
------------------------------------------------------------------X

PAUL A. ENGELMAYER, District Judge:

    She Jian Guo, Run Guo Zhang, and Hong Jun Zhang (collectively, "plaintiffs") bring this action on behalf of themselves and other similarly situated persons, alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, and New York Labor Law ("NYLL") §§ 191 *et seq.* Plaintiffs allege that defendants' restaurant, Oriental Cafe, engaged in various unlawful employment practices, including failing to pay minimum wage and overtime compensation at the required rate.

    Before the Court is plaintiffs' motion for: (1) conditional certification of their FLSA claim as a collective action pursuant to 29 U.S.C. § 216(b); (2) production by defendants of contact information for employees; (3) approval of their notice and consent forms; (4) equitable tolling of the statute of limitations for potential class members pending the expiration of the opt-in period; and (5) posting of the notice and consent forms at defendants' restaurant. For the following reasons, plaintiffs' motion is granted in part and denied in part.

## I. Background

### A. Factual Allegations[1]

Plaintiffs were employed as deliverymen at Oriental Cafe at various times in 2013 and 2014. Pl. Decl. Ex. 3 ¶ 4, Ex. 4 ¶ 4, Ex. 5 ¶ 4. Each worked approximately 60 to 80 hours per week, depending on which shifts he was assigned that week. *See* Pl. Decl. Ex. 3 ¶¶ 7–10, Ex. 4 ¶¶ 7–10, Ex. 5 ¶¶ 7–10. Regardless of the number of hours worked, each plaintiff was paid, twice per month, either $480 or $500. *See* Pl. Decl. Ex. 3 ¶ 11, Ex. 4 ¶ 11, Ex. 5 ¶¶ 11–12. Defendants may have claimed a tip credit toward the minimum wage, *see* Compl. ¶¶ 28–30, but plaintiffs spent more than two hours per day performing untipped work including making salad dressing and sauce, ordering ingredients, and opening and closing the restaurant, Pl. Decl. Ex. 3 ¶¶ 16–17, Ex. 4 ¶¶ 16–17, Ex. 5 ¶¶ 17–18. Plaintiffs also allege that defendants failed to maintain accurate records and did not provide required notices to employees. Pl. Decl. Ex. 3 ¶¶ 12–15, Ex. 4 ¶¶ 12–15, Ex. 5 ¶¶ 13–16.

Plaintiffs discussed their wages with other employees and learned that their co-workers also did not receive the minimum and overtime wages required by law. Pl. Decl. Ex. 3 ¶¶ 20–21, Ex. 4 ¶¶ 20–21, Ex. 5 ¶¶ 21–22. Plaintiffs are "aware of about six (6) kitchen workers, five (5) deliverymen, and two (2) Hispanic workers who were not compensated" properly. Pl. Decl. Ex. 3 ¶ 22, Ex. 4 ¶ 22, Ex. 5 ¶ 23.

---

[1] These facts are drawn from plaintiffs' Complaint, Dkt. 2 ("Compl."), and the affidavits filed in support of plaintiffs' motion for conditional collective certification, Dkt. 29 ("Pl. Decl."). At the conditional certification stage, the Court may not "resolve factual disputes" or "make credibility determinations." *Costello v. Kohl's Illinois, Inc.*, No. 13 Civ. 1359 (GHW), 2014 WL 4377931, at *7 (S.D.N.Y. Sept. 4, 2014) (quoting *Lynch v. United Servs. Auto. Ass'n*, 491 F. Supp. 2d 357, 368 (S.D.N.Y. 2007) (internal quotation marks omitted)). Accordingly, in resolving the collective certification motion, the Court assumes all facts alleged by plaintiffs to be true.

2

### B. Procedural History

On June 3, 2014, plaintiffs filed the Complaint. Dkt. 2. It alleges that defendants failed to pay minimum and overtime wages in violation of the FLSA. Compl. ¶¶ 88–95, 100–07. It also alleges various violations of the NYLL. *Id.* ¶¶ 96–99, 108–28. On August 1, 2014, defendants filed an Answer. Dkt. 13.

On August 29, 2014, plaintiffs moved to conditionally certify a collective action pursuant to 29 U.S.C. § 216(b). Dkt. 25, 26 ("Pl. Br."), 29 ("Pl. Decl."). On September 5, 2014, defendants submitted their opposition. Dkt. 33 ("Def. Br."), 32 ("Def. Decl."). On September 16, 2014, plaintiffs moved to strike certain portions of defendants' brief and declaration. Dkt. 35, 37, 38. On September 24, 2014, defendants filed an opposition to that motion. Dkt. 39. On October 1, 2014, plaintiffs submitted a reply memorandum. Dkt. 40.

### C. Motion to Strike

Plaintiffs have moved to strike the portions of defendants' brief and supporting declaration that address the circumstances in which the three named plaintiffs were terminated. *See* Dkt. 35, 37, 38. Plaintiffs contend that this material is "irrelevant" and "highly prejudicial." Dkt. 38, at 2. Under Federal Rule of Civil Procedure 12(f), the Court "may strike *from a pleading* an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f) (emphasis added). The Rules define a "pleading" as a complaint, answer, or court-ordered reply to an answer. Fed. R. Civ. P. 7(a). However, "[m]otions, declarations and affidavits"—such as the submissions at issue here—"are not pleadings." *Granger v. Gill Abstract Corp.*, 566 F. Supp. 2d 323, 335 (S.D.N.Y. 2008); *see also Dekom v. New York*, No. 12 Civ. 1318 (JS) (ARL), 2013 WL 3095010, at *6 (E.D.N.Y. June 18, 2013) (collecting cases).

3

Moreover, plaintiffs' concern is the effect this potentially prejudicial information would have "[i]f presented to the jury." Dkt. 38, at 3. At this stage of the litigation, a jury is a distant hypothetical. The Court is perfectly capable of disregarding irrelevant or inflammatory material in resolving the instant motion, and its decision here has no bearing on what materials will be admitted at trial or exposed to a jury. The Court therefore denies the motion to strike. If and when there is a trial, the Court will, if necessary, revisit these issues.

## II.     Discussion

Plaintiffs move for conditional certification of a collective action under the FLSA, an order directing defendants to produce employee contact information, approval of plaintiffs' notice and consent forms, an order directing defendants to post the notice, and equitable tolling of the statute of limitations for potential class members pending the expiration of the opt-out period. Defendants oppose the motion for conditional certification and assert several objections to the proposed notice. The Court addresses each issue in turn.

### A.     Conditional Certification

The FLSA provides that plaintiffs may seek to have their case certified as a collective action on behalf of "themselves and other employees similarly situated." 29 U.S.C. § 216(b). Courts in this Circuit use a two-stage certification process to determine whether employees are "similarly situated." *See, e.g.*, *Romero v. KB. Automotive Grp., Inc.*, No. 11 Civ. 386 (CM), 2012 WL 1514810, at *8 (S.D.N.Y. May 1, 2012). At this early stage, the named plaintiffs are required only to make a "modest factual showing" that there are other potential plaintiffs "who may be 'similarly situated' to the named plaintiffs with respect to whether a FLSA violation has occurred." *Myers v. Hertz Corp.*, 624 F.3d 537, 555 (2d Cir. 2010) (citations omitted); *see also Scott v. Chipotle Mexican Grill, Inc.*, No. 12 Civ. 8333 (ALC), 2013 WL 5782440, at *2

(S.D.N.Y. Oct. 25, 2013) (collecting cases).  Although this requirement "cannot be satisfied simply by 'unsupported assertions,' . . . it should remain a low standard of proof because the purpose of this first stage is merely to determine whether 'similarly situated' plaintiffs do in fact exist."  *Myers*, 624 F.3d at 555 (citations omitted).  This low standard is appropriate because conditional certification is merely "a useful 'case management' tool" that "facilitate[s] the sending of notice to potential class members."  *Id.* at 555 n.10 (quoting *Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 174 (1989)).  At a later stage, when the Court has a more developed record, the named plaintiffs must prove that "the plaintiffs who have opted in are *in fact* 'similarly situated' to the named plaintiffs."  *Id.* at 555 (emphasis added).  At that point, "[t]he action may be 'de-certified' if the record reveals that" the opt-in plaintiffs are not sufficiently similarly situated.  *Id.*

Here, plaintiffs have sufficiently demonstrated that all *deliverymen* employed by Oriental Cafe are similarly situated.  The Complaint and supporting affidavits contain specific factual allegations establishing that each named plaintiff worked approximately 60 to 80 hours per week but was paid only $480 or $500 twice per month, averaging less than $3.50 per hour.  *See* Pl. Decl. Ex. 3 ¶¶ 7–11, Ex. 4 ¶¶ 7–11, Ex. 5 ¶¶ 7–12.  The Court can fairly infer that other deliverymen worked similar shifts for comparable pay, thereby suffering the same violations of the FLSA and NYLL.  *See, e.g.*, *Gaspar v. Personal Touch Moving, Inc.*, No. 13 Civ. 8187 (AJN), 2014 WL 4593944, at *5 (S.D.N.Y. Sept. 15, 2014) (granting conditional certification based on five affidavits from individuals employed as movers, stating that each worked in excess of 40 hours per week but did not receive overtime compensation).

Plaintiffs here, however, seek conditional certification of a much broader class—defined as "all of those hourly paid, non-managerial employees of the defendants, including but not

limited to chefs, waiters, kitchen workers, dishwashers, and delivery persons or any other equivalent employee" who has worked at Oriental Cafe at any time in the past three years and has suffered a violation of the FLSA or NYLL. Pl. Br. 5–7. As to individuals employed in positions other than deliveryman, plaintiffs allege only that their "co-workers were also not paid at the minimum wage rate" and overtime rate, Pl. Decl. Ex. 3 ¶ 20, Ex. 4 ¶ 20, Ex. 5 ¶ 21; that plaintiffs and their co-workers "would discuss and compare our wages to see if [they] were paid correctly," Pl. Decl. Ex. 3 ¶ 21, Ex. 4 ¶ 21, Ex. 5 ¶ 22; and that they are "personally . . . aware of" several kitchen workers who did not receive the minimum wages and overtime compensation required by law, Pl. Decl. Ex. 3 ¶ 22, Ex. 4 ¶ 22, Ex. 5 ¶ 23.

These vague, conclusory, and unsupported assertions do not suffice. *Morales v. Plantworks, Inc.*, No. 05 Civ. 2349 (DC), 2006 WL 278154, at *3 (S.D.N.Y. Feb. 2, 2006) ("Here, plaintiffs have offered only a conclusory allegation in their complaint; they have offered nothing of evidentiary value."). Plaintiffs' submissions do not contain any allegations regarding, for example, the specific hours worked by, or the amounts paid to, other employees. Although plaintiffs' burden at this stage is "modest," "it is not non-existent," and "certification is not automatic." *Romero*, 2012 WL 1514810, at *10 (citation omitted). Without more detailed factual allegations, the Court has no basis for concluding that all Oriental Cafe employees were similarly situated victims of an illegal policy or plan. *See, e.g.*, *Sanchez v. JMP Ventures, L.L.C.*, No. 13 Civ. 7264 (KBF), 2014 WL 465542, at *2 (S.D.N.Y. Jan. 27, 2014) (denying conditional certification where plaintiff provided only "generalized allegations" without "*any* detail as to a *single* such observation or conversation"); *Levinson v. Primedia Inc.*, No. 02 Civ. 2222 (CBM), 2003 WL 22533428, at *2 (S.D.N.Y. Nov. 6, 2003) (denying conditional certification where

plaintiffs failed to sufficiently allege that other potential plaintiffs were deprived of minimum wage and overtime compensation).

Accordingly, the Court grants conditional certification only as to *deliverymen* employed by Oriental Cafe during the past three years.[2]  Because the purpose of granting conditional certification is "to facilitate the sending of notice to potential class members," *Myers*, 624 F.3d at 555 n.10, production of contact information for these employees and former employees by defendants is appropriate.  *See Hoffmann-La Roche*, 493 U.S. at 170.

### B. Notice and Consent Form

Defendants raise five issues related to plaintiffs' proposed Notice of Pendency, Pl. Decl. Ex. 6 ("Notice").  *See* Def. Br. 9–10.  At the conditional certification stage, the Court will "monitor[] preparation and distribution of the Notice" to "ensure that it is timely, accurate, and informative."  *Hoffmann-La Roche*, 493 U.S. at 172.  The Court has "broad discretion" over the details of the Notice, *Gjurovich v. Emmanuel's Marketplace, Inc.*, 282 F. Supp. 2d 101, 106 (S.D.N.Y. 2003) (citing *Hoffman-La Roche*, 493 U.S. at 170), and addresses each issue in turn.

First, defendants request that the Notice include contact information for defense counsel. Def. Br. 9.  As defendants properly note, that information is necessary to "afford[] employees the opportunity to communicate with defense counsel."  *Id.*  Inclusion of such information is routine. *See, e.g.*, *Gonzalez v. Scalinatella, Inc.*, No. 13 Civ. 3629 (PKC), 2013 WL 6171311, at *4 (S.D.N.Y. Nov. 25, 2013); *Limarvin v. Edo Rest. Corp.*, No. 11 Civ. 7356 (DAB), 2013 WL 371571, at *3 (S.D.N.Y. Jan. 31, 2013); *Bah v. Shoe Mania, Inc.*, No. 08 Civ. 9380 (LTS) (AJP),

---

[2] Under the FLSA, the statute of limitations is three years for willful violations and two years for non-willful violations.  29 U.S.C. § 255(a).  When willfulness is disputed, courts typically apply the three-year limitations period in defining the scope of a collective action.  *See, e.g.*, *Gaspar*, 2014 WL 4593944, at *6–7; *Hamadou v. Hess Corp.*, 915 F. Supp. 2d 651, 668 (S.D.N.Y. 2013). Defendants have not objected to use of the three-year period for conditional certification.

2009 WL 1357223, at *4 (S.D.N.Y. May 13, 2009).  The Court agrees that defense counsel's contact information should be provided in the Notice.

Second, defendants assert that the Notice must state that plaintiffs' attorneys' fees will be deducted from any recovery the class obtains.  Def. Br. 9–10.  To make a reasoned decision about whether to opt in, potential class members must have a general understanding that plaintiffs' counsel will take a portion of any settlement or money judgment the class receives.  Again, inclusion of such information is standard.  *See, e.g.*, *Melgadejo v. S & D Fruits & Vegetables Inc.*, No. 12 Civ. 6852 (RA) (HBP), 2013 WL 5951189, at *5 (S.D.N.Y. Nov. 7, 2013); *Gjurovich*, 282 F. Supp. 2d at 108.  The Court therefore directs that such information be included in the Notice.  However, plaintiffs' counsel need not—and at this early stage cannot—be more concrete, so as, for example, to "disclose the percentage of any recovery that will be paid as attorney fees."  Def Br. 9.  The parties have not entered into a settlement agreement, and the percentage of any settlement allocable to attorneys' fees is subject to this Court's approval.  *See, e.g.*, *Trinidad v. Pret a Manger (USA) Ltd.*, No. 12 Civ. 6094 (PAE), 2014 WL 4670870, at *9 (S.D.N.Y. Sept. 19, 2014) (granting a fee award of 25% rather than the requested 33%).

Third, defendants assert that the Notice must provide more information about what participating in the case entails.  Def. Br. 10.  Specifically, defendants claim that the Notice should inform potential opt-ins that they "may have to provide discovery responses and documentation as well as testify at deposition and trial."  *Id.*  Courts in this District routinely approve similar requests.  *See, e.g.*, *Cordova v. SCCF, Inc.*, No. 13 Civ. 05665 (LTS) (HBP), 2014 WL 3512820, at *7 (S.D.N.Y. July 16, 2014); *Romero v. Flaum Appetizing Corp.*, No. 07 Civ. 7222 (BSJ), 2009 WL 2591608, at *6 (S.D.N.Y. Aug. 17, 2009).  To help potential opt-in

plaintiffs make an informed decision about whether to join this litigation, a brief explanation of the potential responsibilities of opt-in plaintiffs is appropriate here.

Fourth, defendants argue that opt-in forms should be mailed to the Clerk of Court rather than to plaintiffs' counsel. Def. Br. 10. Courts in this District are split on this issue. *Compare Fonseca v. Dircksen & Talleyrand Inc.*, No. 13 Civ. 5124 (AT), 2014 WL 1487279, at *5 (S.D.N.Y. Apr. 11, 2014) (opt-in forms should be returned to plaintiffs' counsel to reduce the burden on opt-in plaintiffs and on the court), *with Hernandez v. Fresh Diet Inc.*, No. 12 Civ. 4339 (ALC) (JLC), 2012 WL 5936292, at *2 (S.D.N.Y. Nov. 21, 2012) (consent forms must be submitted to the Clerk of Court to avoid discouraging opt-in plaintiffs from retaining their own counsel). The majority of courts, however, have directed opt-in plaintiffs to mail the consent forms to plaintiffs' counsel. *See, e.g.*, *Cordova*, 2014 WL 3512820, at *6; *Schear v. Food Scope Am., Inc.*, 297 F.R.D. 114, 128 (S.D.N.Y. 2014); *Gonzalez*, 2013 WL 6171311, at *4; *Delaney v. Geisha NYC, LLC*, 261 F.R.D. 55, 59–60 (S.D.N.Y. 2009). Doing so is particularly appropriate here because the Notice explicitly advises potential opt-in plaintiffs that they may consult or retain another attorney, Notice at 3, mitigating concerns that putative class members may be discouraged from retaining their own counsel. *See, e.g.*, *Delaney*, 261 F.R.D. at 60.

Fifth and finally, defendants argue that the Notice cannot include statements regarding appropriation of tips. Def. Br. 10. The Complaint does not contain any allegations regarding tip theft or improper tip pooling. Accordingly, the statement that "[y]ou may be owed payment if Oriental Cafe took any portion of your tips or gratuities," Notice at 1, and the reference to "improperly withheld . . . tips and gratuities," *id.*, are not germane and must be removed from the Notice. By contrast, the statement "[y]ou may be owed payment even if you are an employee

9

that received tips," *id.*, is accurate and informative; plaintiffs may retain a reference to tips in that limited context.

Plaintiffs' counsel is directed, by October 24, 2014, to submit a revised Notice of Pendency to defense counsel, with modifications reflecting the narrowly defined class approved by the Court and the additional issues addressed here.  Defense counsel, in turn, is directed to notify plaintiffs' counsel of any remaining objections to the Notice by October 29, 2014.  Plaintiffs' counsel is directed, by October 31, 2014, to submit a revised—and, the Court expects, agreed-upon—Notice to the Court.

Defendants have not objected to plaintiffs' proposed methods of distribution, and so the revised Notice—upon the Court's approval—shall be sent directly to the members of the conditionally certified class and posted in an accessible location at Oriental Cafe.  *See Whitehorn v. Wolfgang's Steakhouse, Inc.*, 767 F. Supp. 2d 445, 449 (S.D.N.Y. 2011) ("Courts routinely approve requests to post notice on employee bulletin boards and in other common areas, even where potential members will also be notified by mail.").  The Court also agrees that Chinese translation of the notice is proper.  *See Gonzalez*, 2013 WL 6171311, at *4 (citing two recent cases from this District).

### C.  Equitable Tolling

Plaintiffs also seek equitable tolling of the statute of limitations for all potential class members pending expiration of the 90-day opt-in period.  "Equitable tolling allows courts to extend the statute of limitations beyond the time of expiration as necessary to avoid inequitable circumstances."  *Johnson v. Nyack Hosp.*, 86 F.3d 8, 12 (2d Cir. 1996).  It is appropriate "only in rare and exceptional circumstances," *Phillips v. Generations Family Health Ctr.*, 723 F.3d 144, 150 (2d Cir. 2013) (citation omitted), "where a plaintiff has been prevented in some

extraordinary way from exercising his rights," *Johnson*, 86 F.3d at 12 (citation omitted). *See also, e.g., Parada v. Banco Indus. de Venezuela, C.A.*, 753 F.3d 62, 71 (2d Cir. 2014). Here, plaintiffs have not alleged any unusual or extraordinary circumstances. Nor have plaintiffs alleged that any class member has a time-barred but otherwise valid claim. The Court therefore declines to equitably toll the statute of limitations "'with the understanding that challenges to the timeliness of individual plaintiffs' actions will be entertained at a later date.'" *Trinidad*, 962 F. Supp. 2d at 564 (quoting *Hamadou*, 915 F. Supp. 2d at 668).

## CONCLUSION

For the foregoing reasons, the Court hereby: (1) conditionally certifies a collective action composed of individuals employed by defendants in delivery positions in the past three years; (2) directs defendants to produce contact information for the relevant employees and former employees to plaintiffs forthwith; and (3) directs plaintiffs to submit a revised Notice of Pendency to the Court by October 31, 2014.

The Clerk of Court is respectfully directed to terminate the motions pending at docket numbers 25 and 35.

SO ORDERED.

Paul A. Engelmayer
United States District Judge

Dated: October 16, 2014
New York, New York