```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12/29/2014
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X

SHE JIAN GUO and RUN GUO ZHANG, *on behalf of themselves and others similarly situated*,

                              Plaintiffs,

                  -v-

TOMMY'S SUSHI INC., d/b/a Oriental Cafe; XU GIAN DONG, also known as Danny Dong; HUANG NA; JOHN DOE; JANE DOE;

                              Defendants.

------------------------------------------------------------X

14 Civ. 3964 (PAE)

<u>OPINION & ORDER</u>

PAUL A. ENGELMAYER, District Judge:

      On August 29, 2014, plaintiffs moved for conditional collective certification of a class defined as all of defendants' non-managerial employees. Dkt. 25–29. On October 16, 2014, after full briefing, the Court granted plaintiffs' motion in part and conditionally certified a class composed of all *deliverymen* employed by defendants rather than all employees. Dkt. 41 ("October 16 Opinion"). The Court assumes familiarity with the underlying facts of this case and with the Court's October 16 Opinion. *See She Jian Guo v. Tommy's Sushi Inc.*, No. 14 Civ. 3946 (PAE), 2014 WL 5314822 (S.D.N.Y. Oct. 16, 2014). On December 16, 2014, plaintiffs filed a motion for reconsideration, Dkt. 57, along with a memorandum of law, Dkt. 58 ("Pl. Br."). Like plaintiffs' original motion for conditional collective certification, the motion for reconsideration seeks certification of a class that is not limited to deliverymen and includes all of defendants' non-exempt employees. For the following reasons, plaintiffs' motion is denied.

      First, plaintiffs' motion is untimely. As plaintiffs acknowledge, *see* Pl. Br. 3, Local Rule 6.3 directs that a motion for reconsideration "shall be served within fourteen (14) days after the

entry of the Court's determination of the original motion."[1] Despite this mandatory language, plaintiffs filed their motion for reconsideration 61 days after the Court's October 16 Opinion. Plaintiffs have explained neither the reason for this delay nor how reconsideration would promote justice. Accordingly, plaintiffs' late filing provides sufficient reason to deny the motion for reconsideration.

Second, plaintiffs' motion fails on the merits. The standard governing motions for reconsideration "is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked." *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (citation omitted). Such a motion is "neither an occasion for repeating old arguments previously rejected nor an opportunity for making new arguments that could have been previously advanced." *Associated Press v. U.S. Dep't of Def.*, 395 F. Supp. 2d 17, 19 (S.D.N.Y. 2005). Rather, reconsideration is appropriate "only when the [moving party] identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Trust*, 729 F.3d 99, 104 (2d Cir. 2013) (citation omitted).

Here, plaintiffs do not identify a change in controlling law, allege that new evidence has become available, or explain how the Court's decision constituted clear error or manifest injustice. Rather, plaintiffs merely repeat their arguments in favor of conditional collective certification of a class that includes all non-exempt employees. *See* Pl. Br. 4–7. Plaintiffs have

---

[1] Plaintiffs also cite Federal Rule of Civil Procedure 59(e), which establishes a 28-day deadline for a litigant to file a motion to alter or amend a judgment. That Rule, however, pertains only to judgments and is therefore inapplicable here. *See In re CRM Holdings, Ltd. Sec. Litig.*, No. 10 Civ. 00975 (RPP), 2013 WL 787970, at *2 (S.D.N.Y. Mar. 4, 2013). In any event, plaintiffs also failed to meet the 28-day deadline for filing their motion.

2

therefore provided no basis for the Court to reconsider its prior decision. *See, e.g., Goonan v. Fed. Reserve Bank of N.Y.*, No. 12 Civ. 3859 (JPO), 2013 WL 1386933, at *2 (S.D.N.Y. Apr. 5, 2013) ("Simply put, courts do not tolerate such efforts to obtain a second bite at the apple.").

Further, as the Court explained in its October 16 Opinion, plaintiffs' burden at the conditional collective certification stage is "modest," but "it is not non-existent," and "certification is not automatic." *Romero v. H.B. Auto. Grp., Inc.*, No. 11 Civ. 386 (CM), 2012 WL 1514810, at *10 (S.D.N.Y. May 1, 2012). The "vague, conclusory, and unsupported assertions" contained in plaintiffs' affidavits did not, and do not, suffice to establish that all chefs, waiters, kitchen staff, and dishwashers employed by defendants are similarly situated to the deliverymen affiants. *See* October 16 Opinion, at 4–7. The cases plaintiffs now cite are not to the contrary. *See, e.g., Khamsiri v. George & Frank's Japanese Noodle Rest. Inc.*, No. 12 Civ. 265 (PAE), 2012 WL 1981507, at *1 (S.D.N.Y. June 1, 2012) (granting conditional collective certification of a class limited to employees "in any tipped position"); *Iglesias-Mendoza v. La Belle Farm, Inc.*, 239 F.R.D. 363, 368 (S.D.N.Y. 2007) (granting conditional collective certification where defendants made only "frivolous" arguments in opposition).

## CONCLUSION

For the foregoing reasons, plaintiffs' motion for reconsideration is denied. The Clerk of Court is respectfully directed to terminate the motion pending at docket number 57.

SO ORDERED.

Paul A. Engelmayer
United States District Judge

Dated: December 29, 2014
New York, New York