USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 2/5/16

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------X

SHE JIAN GUO, RUN GUO ZHANG, ZHI QIANG
WANG, XIN WEI WANG, XIN DE FAN, SHUN
QIANG ZHAO, and HONG JUN ZHANG,

                              Plaintiffs,

                 -v-

TOMMY'S SUSHI, INC. d/b/a ORIENTAL CAFÉ, XU
QIAN DONG a/k/a DANNY DONG, and NA HUANG,

                              Defendants.

14 Civ. 3964 (PAE)

OPINION & ORDER

------------------------------------------------------------------X

PAUL A. ENGELMAYER, District Judge:

      This decision resolves a post-trial application for attorneys' fees and costs in this wage-and-hour action. On June 3, 2014, plaintiffs She Jian Guo, Run Guo Zhang, Zhi Qiang Wang, Xin Wei Wang, Xin De Fan, Shun Qiang Zhao, and Hong Jun Zhang (collectively, "plaintiffs") initiated this lawsuit, alleging various violations of the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"). On June 19, 2015, the Court granted plaintiffs a default judgment as to defendants Na Huang and Tommy's Sushi, Inc. d/b/a Oriental Café ("Tommy's Sushi"), as well as an award of those attorneys' fees and costs incurred in connection with obtaining the default judgment. On July 30, 2015, following a one-day bench trial, the Court granted judgment in favor of plaintiffs against defendant Xu Qian Dong.

      Plaintiffs now move, pursuant to 29 U.S.C. § 216(b) and N.Y. Lab. Law §§ 198(1-a), 663(1), for an award of attorneys' fees and costs. Defendants have not responded to this motion. For the reasons that follow, the Court grants the motion for such an award against defendant Dong, while modifying the fee award to eliminate excessive fees.

## I. Background

### A. Factual Background[1]

Tommy's Sushi, which does business as Oriental Café, is an Asian restaurant located on the Upper East Side in New York City. At various times between 2011 and 2014, plaintiffs were employed as deliverymen at Oriental Café. Huang is the business's owner and CEO. At all relevant times, Dong participated in the day-to-day operations of Oriental Café and, as relevant here, hired the plaintiffs, set their work schedules, instructed them about their job responsibilities, and paid their wages.

During their employment at Oriental Café, plaintiffs, in addition to making deliveries, were responsible for performing "side work," such as opening and closing the restaurant; cleaning, loading, and unloading inventory; and preparing salads, dressing, and sauces. Plaintiffs typically worked between 11 and 13 hours per day, six days per week. They were paid in cash in sums ranging from $700 to $1,200 per month, amounting to $162 to $277 per week. They were not informed that defendants intended to claim a tip credit and never received written wage notices.

### B. Procedural History

On June 3, 2014, plaintiffs brought this suit, alleging violations of the FLSA and NYLL. Dkt. 1. On August 1, 2014, defendants answered. Dkt. 13.

---

[1] The Court assumes familiarity with its July 30, 2015 bench opinion granting judgment in favor of plaintiffs against Dong, and draws on that opinion herein. *See* Transcript of July 30, 2015 Bench Opinion ("Tr."). Except where specifically referenced, no citation to the opinion will be made.

On February 3, 2015, defense counsel notified the Court that Huang "[did] not want to participate in the instant action." Dkt. 78. On April 20, 2015, the Court permitted counsel for Huang and Tommy's Sushi to withdraw. Dkt. 107.

On April 6, 2015, plaintiffs filed an amended complaint. Dkt. 103. On April 29, 2015, Dong answered. Dkt. 108. Huang and Tommy's Sushi did not respond. On May 7, 2015, plaintiffs obtained a clerk's certificate of default against Huang and Tommy's Sushi. Dkt. 119. On May 8, 2015, plaintiffs moved for default judgment. Dkt. 121. On June 9, 2015, the Court held a default judgment hearing, at which neither Huang nor Tommy's Sushi appeared. *See* Dkt. 146, at 2. On June 19, 2015, the Court granted a default judgment as to those defendants and awarded plaintiffs compensatory damages, liquidated damages, and prejudgment interest, as well as $7,023.33 for the attorneys' fees and costs incurred in connection with the default judgment motion. *Id.* at 2–3.

On July 29, 2015, the Court held a bench trial to resolve plaintiffs' claims against Dong. *See* Dkt. 153. Dong did not appear. Based on the evidence adduced by plaintiffs, the Court found that: (1) defendants failed to pay the full minimum wage and overtime rates required by the FLSA and NYLL; (2) plaintiffs were entitled to liquidated damages and penalties under the NYLL; and (3) Dong was individually liable as a joint employer for the monetary relief awarded by the Court. *See* Tr. at 8–15. On July 30, 2015, the Court issued an order granting judgment in favor of plaintiffs, Dkt. 153, as well as an Amended Judgment, modifying the June 19, 2015 default judgment to reflect the findings the Court made following the bench trial, Dkt. 154.

On August 3, 2015, to account for an error in plaintiffs' counsel's damages calculation, the Court amended the damages awarded to Shun Qiang Zhao. Dkt. 155. On August 6, 2015, the Clerk of Court entered an Amended Judgment as follows:

1. She Juan Guo has judgment jointly and severally against Tommy's Sushi and Huang in the amount of $17,028.85, and against Dong for $17,097.40.

2. Run Guo Zhang has judgment jointly and severally against Tommy's Sushi and Huang in the amount of $43,883.77, and against Dong for $44,069.13.

3. Hong Jun Zhang has judgment jointly and severally against Tommy's Sushi and Huang in the amount of $25,459.53, and against Dong for $31,080.93.

4. Zhi Qiang Wang has judgment jointly and severally against Tommy's Sushi and Huang in the amount of $37,456.50, and against Dong for $44.938.48.

5. Xin De Fan has judgment jointly and severally against Tommy's Sushi and Huang in the amount of $98,829.37, and against Dong for $100,570.44.

6. Shun Qiang Zhao has judgment jointly and severally against Tommy's Sushi and Huang in the amount of $29,707, and against Dong for $29,707.

7. Xin Wei Wang has judgment jointly and severally against Tommy's Sushi and Huang in the amount of $77,431.61, and against Dong for $116,369.16.

8. Plaintiffs are awarded $7,023.33 for attorneys' fees and costs incurred in connection with obtaining the default judgment against Huang and Tommy's Sushi.

Dkt. 161.

On August 5, 2015, plaintiffs moved for an award of attorneys' fees and costs, Dkt. 157, and filed a memorandum of law, Dkt. 158 ("Pl. Br."), and declaration by plaintiffs' counsel, Dkt. 160 ("Troy Decl."), in support. Annexed to the declaration is an invoice that contains contemporaneous billing records for the work performed by plaintiffs' counsel in this action. Troy Decl., Ex. 1 ("Invoice"). Defendants have not responded to plaintiffs' motion.

On February 3, 2016, the Court directed plaintiffs' counsel to submit a letter indicating what portion of the hours documented on the invoice involved work performed before the grant of default judgment, so that the Court could determine whether some portion of the fee award entered against Dong should also be entered against the defaulting defendants. Dkt. 162. Plaintiffs' counsel failed to respond.

## II.     Applicable Legal Standards

Both the FLSA and NYLL are fee-shifting statutes that entitle plaintiffs to recover reasonable attorneys' fees and costs incurred successfully prosecuting wage-and-hour actions. *Gurung v. Malhotra*, 851 F. Supp. 2d 583, 595 (S.D.N.Y. 2012); *see* 29 U.S.C. § 216(b) ("The court in [an FLSA] action shall . . . allow a reasonable attorney's fee to be paid by the defendant[s], and costs of the action."); N.Y. Lab. Law § 198(1-a) ("In any action instituted in the courts upon a wage claim by an employee [under the NYLL] in which the employee prevails, the court shall allow such employee to recover . . . all reasonable attorney's fees.").

The starting point for determining the presumptively reasonable fee award is the "lodestar" amount, "which is the product of a reasonable hourly rate and the reasonable number of hours required by the case." *Gaia House Mezz LLC v. State Street Bank & Trust Co.*, No. 11 Civ. 3186 (TPG), 2014 WL 3955178, at *1 (S.D.N.Y. Aug. 13, 2014) (quoting *Millea v. Metro–North R.R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011)) (internal quotation marks omitted). As to the reasonable hourly rate, the Court's analysis is guided by the market rate "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984). The relevant community is this District. *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cty. of Albany*, 522 F.3d 182, 190–91 (2d Cir. 2008).

In resolving what rate a reasonable paying client would be willing to pay, the Court is to consider, *inter alia*:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the level of skill required to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the attorney's customary hourly rate; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount involved in the case and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cty. of Albany*, 493 F.3d 110, 114 n.3, 117–18 (2d Cir. 2007) (citing *Johnson v. Ga. Highway Exp., Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974)), *amended on other grounds by* 522 F.3d 182 (2d Cir. 2008). The Court "should also bear in mind that a reasonable, paying client wishes to spend the minimum necessary to litigate the case effectively." *Id.* at 118.

"[T]he fee applicant . . . bear[s] the burden of documenting the hours reasonably spent by counsel, and the reasonableness of the hourly rates claimed." *Allende v. Unitech Design, Inc.*, 783 F. Supp. 2d 509, 512 (S.D.N.Y. 2011) (internal quotation marks and citation omitted). To that end, the fee application must be supported by contemporaneous time records that "specify, for each attorney, the date, the hours expended, and the nature of the work done." *N.Y. Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d 1136, 1148 (2d Cir. 1983).

A claimant is only to be compensated for "hours reasonably expended on the litigation," and not for "hours that are excessive, redundant, or otherwise unnecessary." *Hensley v. Eckerhart*, 461 U.S. 424, 433–34 (1983). If the number of hours stated is disproportionate to the work performed, the Court should reduce the stated hours accordingly. *See Seitzman v. Sun Life Assurance Co. of Can.*, 311 F.3d 477, 487 (2d Cir. 2002). Where it is difficult for the Court to make line-item reductions to adjust for excessive billing, "the court has discretion simply to

deduct a reasonable percentage of the number of hours claimed as a practical means of trimming fat from a fee application." *Rodriguez ex rel. Kelly v. McLoughlin*, 84 F. Supp. 2d 417, 425 (S.D.N.Y. 1999) (quoting *Kirsch v. Fleet Street, Ltd.*, 148 F.3d 149, 173 (2d Cir. 1998)) (internal quotation marks omitted); *see Carey*, 711 F.2d at 1142, 1146, 1148 (approving percentage reductions to correct for deficiencies in fee application, including "excessive claims for certain tasks" and "inadequate detail in documentation").

Finally, "[a]ttorney[s'] fees awards include those reasonable out-of-pocket expenses incurred by attorneys and ordinarily charged to their clients." *Rhodes v. Davis*, No. 08 Civ. 9681 (GBD), 2015 WL 1413413, at *4 (S.D.N.Y. Mar. 23, 2015) (quoting *LeBlanc–Sternberg v. Fletcher*, 143 F.3d 748, 763 (2d Cir. 1998)). As with attorneys' fees, the requesting party must substantiate the request for costs. *See CJ Prods. LLC v. Your Store Online LLC*, No. 11 Civ. 9513 (GBD), 2012 WL 4714820, at *2 (S.D.N.Y. Oct. 3, 2012) (denying reimbursement for undocumented costs). Court fees reflected on the Court's docket are sufficiently substantiated, as are costs for which a claimant provides extrinsic proof, such as invoices or receipts. *See Abel v. Town Sports Int'l LLC*, No. 09 Civ. 10388 (DF), 2012 WL 6720919, at *34 (S.D.N.Y. Dec. 16, 2012). A sworn statement or declaration under penalty of perjury that certain amounts were expended on particular items is also sufficient. *Id.*

**III. Analysis**

Plaintiffs seek $97,468.32 (constituting $94,495.50 in attorneys' fees and $2,972.82 in costs) for the work of Troy Law, PLLC ("Troy Law") on behalf of plaintiffs in this action. Troy

Decl. ¶¶ 36, 38, 40; Pl. Br. 9.[2] The Court considers the reasonableness of each component of the requested fee award in turn.

### A. Attorneys' Fees

Plaintiffs seek $94,495.50 in attorneys' fees for 328.99 hours of work performed by members of Troy Law in connection with this action. To support this request, plaintiffs' counsel submitted contemporaneous billing records for each member of Troy Law who worked on the case. Invoice, at 1–12.

The timekeepers are: (1) John Troy, a partner admitted to the bar in 1989; (2) Amy Millican, an associate admitted to the bar in 2014; (3) Benjamin Federici, an associate admitted to the bar in 2013; (4) Bianca Dano, an associate admitted to the bar in 2013; (5) Jonathan Hernandez, an associate admitted to the bar in 2015; (6) Raakib Bhuiyan, an associate admitted to the bar in 2014[3]; (7) Evan Zhang, a paralegal, interpreter, and law clerk, who obtained an LLM in 2013; and (8) Shuyang Xie, a legal intern. Troy Decl. ¶¶ 22, 29, 30–35. The following chart reflects the amount of time each timekeeper claims to have spent on this case, each timekeeper's claimed hourly rate, and the resultant fees generated.

---

[2] Because plaintiffs' counsel's declaration contains an apparent typo, *see* Troy Decl. ¶ 38 ("Troy Law seeks $97,495.50 in attorneys' fees and $2,972.82 in costs for a total of $98,458.32 in connection with this action."), the Court assumes that plaintiffs' counsel intended to request a total award of $97,468.32, which is the sum of the fees ($94,495.50) and costs ($2,972.82) documented in the invoice, *see* Invoice, at 14.

[3] Although the fee application does not so specify, another court has indicated that Bhuiyan was admitted to the bar in 2014. *See Hui Luo v. L & S Acupuncture, P.C.*, No. 14 Civ. 1003 (BMC), 2015 WL 1954468, at *1–2 (E.D.N.Y. Apr. 29, 2015).

| Timekeeper | Hourly Rate | Hours Expended | Total Fees |
|---|---|---|---|
| John Troy | $450 | 119.35 | $53,707.50 |
| Amy Millican | $250 | 11.45 | $2,862.50 |
| Benjamin Federici | $250 | 30.80 | $7,700.00 |
| Bianca Dano | $200 | 91.83 | $18,366.00 |
| Jonathan Hernandez | $200 | 15.71 | $3,142.00 |
| Raakib Bhuiyan | $150 | 42.00 | $6,300.00 |
| Evan Zhang | $150 | 12.65 | $1,897.50 |
| Shuyang Xie | $100 | 5.20 | $520.00 |
| **Total** | | 328.99 | $94,495.50 |

"The invoice [ ] set[s] forth the date on which services were performed, the hours spent, and the nature of the work performed for each attorney and the one paralegal. Such a submission meets the evidentiary threshold for the recovery of attorney's fees." *Spalluto v. Trump Int'l Hotel & Tower*, No. 04 Civ. 7497 (RJS) (HBP), 2008 WL 4525372, at *7 (S.D.N.Y. Oct. 2, 2008) (adopting report and recommendation). However, having closely examined the invoice and the timekeepers' qualifications, the Court finds most of counsel's claimed hourly rates, and the number of hours billed, excessive.

### 1. Reasonableness of Counsel's Claimed Hourly Rates

The billing rates requested for most of the timekeepers in this case exceed the rates generally awarded in this District. Notably, "[t]he attorneys here have provided no attestation that [they] in fact seek[] and obtain[] such . . . rate[s]—or any other rate[s]—from [their] paying clients." *Jimenez v. KLB Foods, Inc.*, No. 12 Civ. 6796 (JPO), 2015 WL 3947273, at *2 (S.D.N.Y. June 29, 2015) (internal quotation marks and citation omitted). Nor have they cited any case, within or outside this District, that has validated their requested rates. To the contrary, the Court, in a separate FLSA action, recently reviewed the reasonableness of the rates claimed by five of these timekeepers and found that each of them warranted reduction. *See Run Guo Zhang v. Lin Kumo Japanese Rest. Inc.*, No. 13 Civ. 6667 (PAE), 2015 WL 5122530, at *2–3 (S.D.N.Y. Aug. 31, 2015). The same conclusion follows here.

As to Troy, in *Lin Kumo*, the Court found an hourly rate of $300 appropriate in light of (1) rates typically commanded by similarly experienced partners in FLSA actions in this District, (2) the rates Troy himself has historically been awarded in FLSA cases in this District, and (3) the Court's finding that the "unexceptional case was within the mainstream of legal work in such cases." *Id.* at *3 (citing *Trinidad v. Pret a Manger (USA) Ltd.*, No. 12 Civ. 6094 (PAE), 2014 WL 4670870, at *9 (S.D.N.Y. Sept. 19, 2014) (collecting cases that awarded partners hourly rates of $300–$400 in FLSA actions); *Hui Luo*, 2015 WL 1954468, at *1–2 (reducing Troy's fee to $300 per hour because he has been litigating wage-and-hour cases only since 2009)); *see also Pascuiti v. N.Y. Yankees*, 108 F. Supp. 2d 258, 266 (S.D.N.Y. 2000) (collecting cases and noting that "the range of fees in this District for 'seasoned civil rights litigators,' particularly those in small firms, is between $200/hr and $300/hr"). The same reasoning supports a reduction of Troy's rate to $300 per hour here.

As to the associates, in *Lin Kumo*, the Court found an hourly rate of $175 reasonable given the attorneys' recent admission to the bar and presumptively limited experience litigating FLSA cases. 2015 WL 5122530, at *3. Here, too, the Court approves reduced hourly rates of $175 for Millican, Federici, Dano, and Hernandez, each of whom was admitted to the bar in or after 2013. *See, e.g.*, *Gonzalez v. Scalinatella, Inc.*, No. 13 Civ. 3629 (PKC) (MHD), 2015 WL 3757069, at *22 (S.D.N.Y. June 12, 2015) (collecting cases and awarding hourly rates of $200 to third-year associate, $175 to second-year associate, and $150 to first-year associate); *Anthony v. Franklin First Fin., Ltd.*, 844 F. Supp. 2d 504, 508 (S.D.N.Y. 2012) (awarding hourly rate of $175 for first-year associate in FLSA case); *Torres v. City of New York*, No. 07 Civ. 3473 (GEL), 2008 WL 419306, at *2 (S.D.N.Y. Feb. 14, 2008) ("[C]ourts have awarded amounts ranging from $125 to $200 per hour for attorneys with less than three years' experience.") (collecting

cases); *Lawson ex rel. Torres v. City of New York*, No. 99 Civ. 10393 (LAP), 2000 WL 1617014, at *4–5 (S.D.N.Y. Oct. 27, 2000) (noting that approved hourly rates for associates in this District range from $105–$180, and approving rate of $135 per hour for junior associate in small firm who had been admitted to bar for five years).  The Court, however, approves Bhuiyan's requested hourly rate of $150.

As to Zhang and Xie, the Court finds hourly rates of $100 appropriate for both timekeepers in light of the prevailing rates for paralegals and interns in employment law cases in this District.  *See Moon v. Gab Kwon*, 99 Civ. 11810 (GEL), 2002 WL 31512816 at *3 (S.D.N.Y. Nov. 8, 2002) ("[L]aw student clerks are compensated at prevailing market rates . . . similar to those of paralegals." (internal citation omitted)); *M.C. ex rel. E.C. v. Dep't of Educ. of N.Y.C.*, No. 12 Civ. 9281 (CM) (AJP), 2013 WL 2403485, at *7 (S.D.N.Y. June 4, 2013), *report and recommendation adopted*, 2013 WL 3744066 (S.D.N.Y. June 28, 2013) ("[L]aw student interns should be compensated at rates similar to those charged by paralegals in the prevailing market."); *see also, e.g.*, *Gonzalez*, 2015 WL 3757069, at *22 (awarding paralegals $100 and $105 per hour); *Agudelo v. E & D LLC*, No. 12 Civ. 960 (HB), 2013 WL 1401887, at *2 (S.D.N.Y. Apr. 4, 2013) (awarding paralegal $100 per hour); *Allende*, 783 F. Supp. 2d at 514 (finding hourly rate of $100 for paralegals "consistent with rates awarded by the courts in other FLSA or similar statutory fee cases").  The Court thus reduces Zhang's hourly rate from $150 to $100, and approves Xie's rate of $100.

### 2. Reasonableness of Number of Hours Expended

The invoice also reflects various inefficiencies and excessive billing practices that justify further reduction of the requested fee award.

First, there was no evident need for eight timekeepers, including one partner and five associates, to work on this straightforward FLSA action. As Judge Cogan explained in a recent FLSA action litigated by Troy Law, "[t]here is necessarily a learning curve anytime a new associate is introduced into a case, and the client should not have to pay for that." *Hui Luo*, 2015 WL 1954468, at *2 (reducing fee award because case "in no way required five associates"). Accordingly, courts in this Circuit frequently apply across-the-board reductions to account for overstaffing. *See, e.g.*, *Johnson v. Strive E. Harlem Employment Grp.*, No. 12 Civ. 4460 (HB), 2014 WL 308347, at *1 (S.D.N.Y. Jan. 28, 2014) (use of five attorneys was excessive and justified 10% reduction of fee award); *Yea Kim v. 167 Nail Plaza, Inc.*, No. 05 Civ. 8560 (GBD) (GWG), 2009 WL 77876, at *1–2, *5 (S.D.N.Y. Jan. 12, 2009) (adopting report and recommendation) (reducing fee award by 40% where "[n]othing in the plaintiff's application explains why plaintiff needed to have" eight attorneys); *Sea Spray Holdings, Ltd. v. Pali Fin. Grp., Inc.*, 277 F. Supp. 2d 323, 325 (S.D.N.Y. 2003) (use of six attorneys and two legal assistants was excessive and justified reduction of fee award).

Such a reduction is warranted here. The invoice reflects a number of instances where multiple timekeepers performed tasks that could have been completed more efficiently by a single associate. For instance, it was not clearly necessary for Dano and Zhang to each spend 6.15 hours meeting with plaintiffs and collectively drafting their straightforward declarations and affidavits. *See* Invoice, at 9 (identical time entries for Zhang and Dano on 5/28/15 and 6/04/15). Further, on multiple occasions, Dano billed for time spent reviewing notes from conferences attended by other associates. *See, e.g.*, Invoice, at 6 (Dano time entry for 3/09/15); *id.* at 7 (Dano time entry for 3/30/15). Defendants should not be required to bear the costs of such duplicative labor. *See Auscape Int'l v. Nat'l Geographic Soc'y*, No. 02 Civ. 6441 (LAK) (HBP), 2003 WL

21976400, at *5 (S.D.N.Y. Aug. 19, 2003), *aff'd*, 2003 WL 22244953 (S.D.N.Y. Sept. 29, 2003) (20% reduction appropriate where use of seven attorneys resulted in duplicative labor); *Cho v. Koam Med. Servs. P.C.*, 524 F. Supp. 2d 202, 209–10 (E.D.N.Y. 2007) (reducing fee award by 40% where "significant overlap of efforts by multiple counsel" indicated that "greater economy of time and effort could have been achieved on a three-employee wage-and-hour case"); *Am. Lung Ass'n v. Reilly*, 144 F.R.D. 622, 627 (E.D.N.Y. 1992) (applying 40% reduction because use of eight lawyers "was excessive and led to duplication of work").

Second, more than one-third of the total 328.99 hours were worked by Troy, whose timesheets reflect not only partner-level work, but also associate- and even paralegal-level work. Nowhere is this more apparent than in the time entries documenting Troy's pre-trial preparation. In addition to preparing witnesses and reviewing exhibits, Troy spent nearly seven hours performing mundane tasks such as scanning and printing documents, downloading files, and organizing binders. *See* Invoice, at 10–11 (time entries for 7/28/15, 7/29/15, and 7/30/15). Moreover, throughout the litigation, Troy performed similarly elementary tasks, such as reviewing the Court's individual rules, preparing letters to the Court, conducting legal research, and reviewing simple orders. *See, e.g.*, Invoice, at 1 (billing $270 on 8/04/14 for 0.6 hours spent reviewing two-page form notice of initial pretrial conference); *id.* (billing $585 on 5/18/14 for 1.3 hours spent on research into property owned by defendants); *id.* at 12 (billing $187.50 on 8/04/15 for 0.42 hours spent reviewing Court's individual rules and creating/updating Tables of Contents and Authorities). As the Court held in *Lin Kumo*, "[a]lthough [ ] Troy is at liberty to decide how to use his time and manage his cases, it is not appropriate, for purposes of gauging

the reasonable fee award, to assign partner-level billing rates to tasks that [one of the many] first- or second-year associate[s] [on the case] could easily perform." 2015 WL 5122530, at *2.[4]

The Court also finds that Troy spent an excessive number of hours performing relatively straightforward tasks. For instance, there was no justification for Troy to spend 2.2 hours, billing $990, reviewing defendants' one-sentence Rule 7.1 Statement and 14-page *pro forma* Answer. *See* Invoice, at 1 (time entries for 8/01/14). Similarly, although plaintiffs' counsel may be reimbursed for work performed in connection with the motion for attorneys' fees, *see Jimenez*, 2015 WL 3947273, at *4 (collecting cases permitting "fees on fees" in FLSA actions); *De Los Santos v. Just Wood Furniture, Inc.*, No. 05 Civ. 9369 (WWE), 2010 WL 445886, at *4 (S.D.N.Y. Feb. 2, 2010) (same), the Court finds the 13.8 hours Troy spent preparing the instant fee application disproportionately high. *See* Invoice, at 11–12 (time entries for 7/31/15, 8/01/15, 8/02/15, 8/03/15, and 8/05/15).

To account for these inefficiencies, and having considered the reductions applied in similar cases, the Court reduces the hours billed by Troy Law by 40%. The Court finds the resultant 197.39 hours reasonable in light of the limited scale and complexity of this action. *See Jimenez*, 2015 WL 3947273, at *3–4 (finding 155.6 hours worked by plaintiffs' counsel

---

[4] *See also Tlacoapa v. Carregal*, 386 F. Supp. 2d 362, 372 (S.D.N.Y. 2005) (reducing fee award where senior attorney requested reimbursement for tasks such as preparing exhibits and legal research, which could have been performed more economically by low-level associate); *Shannon v. Fireman's Fund Ins. Co.*, 156 F. Supp. 2d 279, 301–02 (S.D.NY. 2001) (applying 35% across-the-board reduction where partner billed for tasks including legal research, drafting the complaint, and reviewing and drafting discovery requests); *Plummer v. Chemical Bank*, 592 F. Supp. 1168, 1172 (S.D.N.Y. 1984) (reducing fee award by 50% to account for inefficiencies, including "partners doing work easily and ordinarily performed by junior associates"); *Beech Cinema, Inc. v. Twentieth Century Fox Film Corp.*, 480 F. Supp. 1195, 1197 (S.D.N.Y. 1979) (reducing fee award where "[m]any of the functions performed by the partners could have been satisfactorily accomplished by associates, with a considerable saving in fees"), *aff'd*, 622 F.2d 1106 (2d Cir. 1980).

reasonable in "straightforward wage and hour action that involved a small number of depositions, relatively minor motion practice, and a brief trial").

### 3. Reduction for Fees Already Awarded

The invoice contains entries for 22.6 hours of work performed by Troy, Dano, and Hernandez in connection with plaintiffs' motion for default judgment, generating a total of $6,420 in fees. *See* Invoice, at 8–9. Because the Court has already awarded plaintiffs these fees from the defaulting defendants, *see* Dkts. 154, 161; Pl. Br. 2, they should not be included in the present fee award.

### 4. Calculation of the Proper Fee Award

Based on the foregoing adjustments, the Court awards plaintiffs $35,641.95 in attorneys' fees, calculated as follows:

| Timekeeper | Adjusted Hourly Rate | Hours Expended | Total Fees |
|---|---|---|---|
| John Troy | $300 | 119.35 | $35,805.00 |
| Amy Millican | $175 | 11.45 | $2,003.75 |
| Benjamin Federici | $175 | 30.8 | $5,390.00 |
| Bianca Dano | $175 | 91.83 | $16,070.25 |
| Jonathan Hernandez | $175 | 15.71 | $2,749.25 |
| Raakib Bhuiyan | $150 | 42 | $6,300.00 |
| Evan Zhang | $100 | 12.65 | $1,265.00 |
| Shuyang Xie | $100 | 5.2 | $520.00 |
| **Total** | | | $70,103.25 |
| **Less 40% Across-the-Board Reduction** | | | $42,061.95 |
| **Less Fees Already Awarded** | | | **$35,641.95** |

### B. Costs

Plaintiffs also seek $2,972.82 in disbursements. To support this request, plaintiffs' counsel submitted an itemization of the costs incurred by Troy Law over the course of this action. *See* Invoice, at 13. These include court fees, courier fees, interpreter fees, and travel expenses. *Id*. Having reviewed the disbursements, the Court finds them adequately documented,

15

reasonable, and of the type commonly reimbursed by courts in this District. *See, e.g.*, *Lin Kumo*, 2015 WL 5122530, at *1 (awarding $1,483.05 in costs, including filing fees, proof of service, court reporter services, and interpreter costs); *Gonzalez*, 2015 WL 3757069, at *23 (awarding $1,150.60 in disbursements, representing a court filing fee and transcription, mailing, and transportation costs); *Nautilus Neurosciences, Inc. v. Fares*, No. 13 Civ. 1079 (SAS), 2014 WL 1492481, at *4 (S.D.N.Y. Apr. 16 2014) (awarding $5,514.39 for court fees, administrative fees, photocopying, and legal research costs).

However, because the Court has already awarded plaintiffs $603.33, from the defaulting defendants, for costs incurred in connection with obtaining the default judgment, *see* Dkts. 145, 154, 161, these costs should not be included in the present fee award against Dong. Accordingly, the Court awards plaintiffs $2,369.49 in costs.

## CONCLUSION

For the foregoing reasons, the Court awards plaintiffs $35,641.95 in attorneys' fees and $2,369.49 in costs, for a total of $38,011.44. Because, despite ample opportunity, plaintiffs' counsel has failed to demonstrate what portion of the award is properly attributable to the defaulting defendants, this fee award is to be entered against Dong alone. The defaulting defendants, of course, remain obliged to pay the award previously entered against them. *See* Dkt. 61.

The Clerk of Court is respectfully directed to enter judgment in accordance with this Order, terminate the motion pending at docket number 157, and close this case.

SO ORDERED.

*Paul A. Engelmayer*
Paul A. Engelmayer
United States District Judge

Dated: February 5, 2016
       New York, New York